**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE VALTIERRA,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>MEDTRONIC INC., a Minnesota Company,<br>*Defendant-Appellee.* | No. 17-15282<br><br>D.C. No.<br>2:15-cv-00865-SMM<br><br><br>OPINION |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Argued and Submitted June 14, 2019
San Francisco, California

Filed August 20, 2019

Before: Mary M. Schroeder and Milan D. Smith, Jr.,
Circuit Judges, and Jed S. Rakoff,* District Judge.

Opinion by Judge Schroeder

---

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

**SUMMARY**[**]

---

### Employment Discrimination

The panel affirmed the district court's grant of summary judgment in favor of the defendant in an employment discrimination action under the Americans with Disabilities Act.

Plaintiff claimed he was terminated from his employment on account of his morbid obesity, which the district court held was not a physical impairment and could not constitute a disability unless it was caused by an underlying physiological condition. Therefore, plaintiff could not establish disability discrimination.

The panel affirmed on other grounds, holding that, even if plaintiff's obesity were an impairment under the ADA, or he suffered from a disabling knee condition that the district court could have considered, he could not show a causal relationship between these impairments and his termination.

---

### COUNSEL

Jessica Miller (argued) and Michael Zoldan, Zoldan Law Group PLLC, Scottsdale, Arizona, for Plaintiff-Appellant.

Robert Shawn Oller (argued), Littler Mendelson P.C., Phoenix, Arizona, for Defendant-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Barbara L. Sloan (argued), Attorney; Sydney A.R. Foster, Assistant General Counsel; Jennifer S. Goldstein, Associate General Counsel; James L. Lee, Deputy General Counsel; Office of the General Counsel, United States Equal Employment Opportunity Commision, Washington, D.C.; for Amicus Curiae Equal Employment Opportunity Commission.

Bryan P. Neal (argued) and Stephen F. Fink, Thompson & Knight LLP, Dallas, Texas, for Amicus Curiae BNSF Railway Company.

## OPINION

SCHROEDER, Circuit Judge:

Plaintiff Jose Valtierra appeals the district court's judgment in favor of his former employer, Medtronic Inc., in his action under the Americans with Disabilities Act ("ADA"). Valtierra claimed that he was terminated on account of his morbid obesity, which the district court held was not a physical impairment under the relevant Equal Employment Opportunity Commission ("EEOC") regulations and interpretative guidance. He contends on appeal that the district court misinterpreted that guidance. Medtronic, in addition to defending the district court's interpretation of the EEOC guidance, defends the grant of summary judgment on the additional ground that the reason for plaintiff's termination was not his obesity, but his falsification of Medtronic's business records to reflect that he had completed required tasks.

The underlying facts are not disputed. Valtierra began working for Medtronic in about 2004 as a facility

maintenance technician. The company makes specialized medical devices used in the treatment and diagnosis of various medical conditions such as diabetes and cardiovascular disease. Valtierra's job involved the repair and maintenance of the company's manufacturing equipment. The company informed him of his job assignments through a computer program that kept track of the work needed to keep the equipment in good condition.

Valtierra was seriously overweight from the time of his hiring until his termination. When he was hired he weighed over 300 pounds, and at the time of the events relevant to this case in 2014, his weight had increased to more than 370 pounds. He requested and was given time off in late 2013 on account of joint pain associated with his weight and returned to work in December 2013 without medical restrictions. There is no dispute, however, that his weight remained so considerable that he suffered from a condition commonly known as morbid obesity.

In May 2014, his supervisor noticed that he seemed to be having difficulty walking and was using the elevator instead of the stairs. Later, concerned about Valtierra's ability to do the job, the supervisor checked the computer system to see if Valtierra's assignments had been completed. Although Valtierra had left for vacation the day before, the computer indicated he had already completed twelve assignments that should have taken a more significant amount of time to complete.

When confronted with these discrepancies, Valtierra admitted that he had not performed all the work, but explained that he had intended to complete the work when he returned from vacation. He now further contends he should

not have been assigned so many tasks to complete in so little time, because the employer knew he required accommodations for his weight. Medtronic terminated him for falsifying the records.

Valtierra then filed this action in the District Court for the District of Arizona. The gravamen of his complaint, as relevant to the issues before us, was that he suffered from a disability within the meaning of the ADA and his termination constituted unlawful discrimination in violation of that Act. The district court granted summary judgment for Medtronic, holding, in accord with the decisions of several federal circuits, that obesity, no matter how great, cannot constitute a disability under the applicable EEOC regulations unless the obesity is caused by an underlying physiological condition. Since Valtierra could not identify any such underlying condition—perhaps, as the EEOC suggests, like most persons who suffer from obesity—he could not claim discrimination on account of a disability. The district court therefore dismissed the action.

At the time of the district court's decision, three circuits had reached a similar conclusion. *See Morriss v. BNSF Ry. Co.*, 817 F.3d 1104 (8th Cir. 2016); *EEOC v. Watkins Motor Lines*, 463 F.3d 436 (6th Cir. 2006); *Francis v. City of Meriden*, 129 F.3d 281 (2d Cir. 1997). Since then, the Seventh Circuit has joined. *Richardson v. Chicago Transit Auth.*, 926 F.3d 881 (7th Cir. 2019). By contrast, the EEOC, as amicus, supports the plaintiff's argument that all of these courts have incorrectly analyzed the EEOC's regulations and guidance.

We therefore turn to the relevant statutory and regulatory provisions, and the earlier federal appellate decisions that

concluded morbid obesity alone cannot be the basis for a claim of disability discrimination. The ADA defines "disability" as a "physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). Congress went on to provide some examples. The "major life activities" that Congress has listed include, among others, "walking, standing, lifting . . . and working." *Id*. § 12102(2)(A). The parties appear to agree that if Valtierra has a physical "impairment" within the meaning of subsection (1)(A), it sufficiently limits his activities so as to render him disabled. The question then becomes whether he has such an "impairment."

The EEOC has defined physical impairment in the relevant regulation, promulgated in 1992, as follows:

> Any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems, such as neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genitourinary, immune, circulatory, hemic, lymphatic, skin, and endocrine[.]

29 C.F.R. § 1630.2(h)(1).

The EEOC produced an appendix to the regulations, termed "interpretive guidance," encompassing more than 600 pages. The relevant passage discussing Section 1630.2(h) states:

> It is important to distinguish between conditions that are impairments and physical,

psychological, environmental, cultural and economic characteristics that are not impairments. *The definition of the term "impairment" does not include physical characteristics such as eye color, hair color, lefthandedness or height, weight or muscle tone that are within "normal" range and are not the result of a physiological disorder.* The definition, likewise, does not include characteristic predisposition to illness or disease. Other conditions, such as pregnancy, that are not the result of a physiological disorder are also not impairments. However, a pregnancy-related impairment that substantially limits a major life activity is a disability under the first prong of the definition.

29 C.F.R. pt. 1630, app., § 1630.2(h) (emphasis added).

The EEOC argues morbid obesity is plainly physiological in its effects, and that numerous federal agencies have categorized it as a disease. The agency further contends that Valtierra has raised at least a genuine issue of material fact regarding whether his morbid obesity is an impairment, because his medical records show that several of his bodily systems have been adversely affected.

In this case, however, we need not take a definitive stand on the question of whether morbid obesity itself is an "impairment" under the ADA. That is because, even assuming that it is such an impairment, or that Valtierra suffered from a disabling knee condition that the district court could have considered, he would have to show some causal

relationship between these impairments and his termination. *See Hutton v. Elf Atochem N. Am., Inc.*, 273 F.3d 884, 891 (9th Cir. 2001) (a plaintiff must show he suffered adverse employment action "because of" his disability to succeed on an ADA discrimination claim). He is unable to do so. Valtierra admits he closed twelve maintenance assignments as having been completed when he had not done the work. In addition, he had worked for Medtronic for more than ten years and had always weighed in excess of 300 pounds. There is no basis for concluding that he was terminated for any reason other than Medtronic's stated ground that he falsified records to show he had completed work assignments.

Valtierra nevertheless maintains there is a triable issue concerning the reason for his termination. He suggests that similarly situated employees were treated differently and the falsified records may have been a pretext for discrimination on the basis of his weight. The district court record does not bear this out. Valtierra stated in his deposition that other employees were late in completing assignments, but he did not know whether any other employees closed out work assignments without completing them. While the record does suggest that two other employees admitted to such misconduct, management was not informed of their actions and never discovered that others had prematurely closed tasks. Thus, Medtronic could not have treated Valtierra differently because there is no evidence Medtronic ever knew of similar misconduct on the part of others.

The judgment of the district court is **AFFIRMED.**